1/29/2019 11:42:02 AM PAGE 2/006 Fax Server

RECEIVED
JAN 28 2019
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/19

## JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047
TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-3777
JJNORMILE@JONESDAY.COM

January 28, 2019

> Defendants' request for adjournment is denied. The jurisdictional discovery issue will be addressed at the February 8, 2019 conference. So ordered.
>
> /s/ Al. K. Hellerstein
> 1/28/2019

VIA FAX 212-805-7942

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
New York, New York 10007

Re: *Dareltech, LLC v. Xiaomi Inc. et al.*
Civil Action No. 1:18-cv-08729-AKH (S.D.N.Y.)

Dear Judge Hellerstein:

Pursuant to Your Honor's Individual Rule 1.D. entitled "Requests for Adjournments or Extensions of Time," Defendants Xiaomi, Inc., Xiaomi USA, Inc. and Xiaomi Technology, Inc. (collectively "Xiaomi") in the above-captioned case respectfully request that the February 8, 2019 conference to discuss case management and scheduling (*see* Dkt. No. 8) be adjourned. Plaintiff Dareltech, LLC ("Dareltech") opposes this request. The parties' positions are set forth below.

## XIAOMI'S POSITION

On September 24, 2018, Dareltech initiated the above-captioned case by filing its first complaint against Xiaomi, Inc. On October 26, 2019, this Court issued a "Notice of Court Conference" for February 8, 2019, a date by which this Court may have expected that the pleadings would be closed; **the pleadings are not closed and will not be for months**.

Over the course of nearly four months, Dareltech did not serve its original complaint, but rather filed an amended complaint on January 18, 2019, which named two additional parties: Xiaomi USA, Inc. and Xiaomi Technology, Inc. On January 23, 2019, counsel for Dareltech informally requested for the first time that Xiaomi's counsel agree to accept service on behalf of all named Defendants. On January 24, 2019, counsel for Xiaomi advised that Xiaomi would waive service upon receiving a proper waiver request and upon obtaining Dareltech's agreement to a single answer date of 90 days from the waiver request for all the Defendants.[1] Later that

---

[1] Rule 4(d)(3) of the Federal Rules of Civil Procedure provides that a "defendant who ... timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States." One of the named Defendants (Xiaomi, Inc.) is a foreign entity, while two Defendants named in the amended complaint are located in the United States. For ease of

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Alvin K. Hellerstein
January 28, 2019
Page 2

day, Dareltech agreed to Xiaomi's proposal and formally requested that Xiaomi waive service. In accordance with the parties' agreement, Xiaomi's answer date is set for April 24, 2019.

There are at least four reasons supporting adjournment of the February 8, 2019 conference.

*First*, Your Honor's Individual Rule 2 expresses a preference that initial conferences be held after an answer to the complaint or other responsive pleading is submitted: "Conferences in all civil cases will generally be called **after** Answers are filed and on Fridays at 10:00 a.m." (Emphasis added.) In this case, however, the February 8, 2019 conference falls approximately two and a half months **before** Xiaomi's answer or other responsive pleading is due. Thus, in accordance with Your Honor's Individual Rule 2's preference to hold initial case management conferences after the answer date, the February 8, 2019 conference should be adjourned.

*Second*, adjourning the February 8, 2019 conference makes logical sense and accords with how this Court and countless others schedule case management conferences. The Court's October 26, 2019 Notice of Court Conference instructed that the parties be prepared to discuss the following issues on February 8, 2019: (1) a case management plan; (2) a discovery plan; (3) the factual and legal bases for the parties' claims and defenses; (4) jurisdictional issues; (5) settlement; and (6) any other issue relevant to case management. (*See* Dkt. No. 8.) A number of these issues will not be crystallized until after Xiaomi responds to the complaint. Xiaomi is considering, but has not made a final decision about, whether to file a motion to dismiss for lack of personal jurisdiction. In addition, prior to the deadline for responding to the amended complaint, Xiaomi anticipates filing a motion to disqualify counsel for Dareltech and/or for a protective order to exclude unethically-obtained evidence. Specifically, Dareltech's counsel committed several ethical violations warranting disqualification and exclusion of evidence, including initiating communications with Xiaomi workers knowing that Xiaomi was a represented party (New York Rule of Professional Conduct ("Rule") 4.2), interviewing those workers about matters in dispute in this case without identifying themselves as attorneys for an adverse party (Rule 4.3), and surreptitiously videotaping those communications for the strategic purpose of attempting to obtain information or concessions to support Dareltech's positions in this dispute (Rule 8.4). Counsel's conduct is just like the misconduct in *Meachum v. Outdoor World Corporation*, 654 N.Y.S.2d 240, 250 (1996), which the court found to be unethical, deceptive, unprofessional, and lacking in judgment.

---

(continued...)

administration, Xiaomi proposed a single answer date 90 days from a proper request to waive service, and Dareltech agreed to this proposal.

The Honorable Alvin K. Hellerstein
January 28, 2019
Page 3

It makes far more sense to hold the initial conference after any motions have been filed and/or the pleadings have closed so that this Court is fully informed about a number of important issues that will be addressed at the initial conference. For instance, this Court will be better positioned to discuss jurisdictional issues, case management issues, and whether counsel for Dareltech should even continue as counsel in this case once it has had an opportunity to consider these potential motions. For this additional reason, the February 8, 2019 conference should be adjourned.

*Third*, after conferring with Dareltech's counsel, Xiaomi understands that Dareltech opposes adjourning the conference because it wants to proceed now with jurisdictional discovery. While Xiaomi disagrees that jurisdictional discovery would be appropriate at any juncture in this case, the issue is not yet ripe and Dareltech's apparent plan to raise the issue at the currently-scheduled conference would be premature for several reasons. Preliminarily, as noted above, Xiaomi has not yet made a final decision whether to move to dismiss for lack of personal jurisdiction. The deadline for making that decision is not until April 24, 2019. Any discussion of jurisdictional discovery now would be premature before a motion is actually filed. Moreover, jurisdictional discovery is not automatic and should be assessed after a motion challenging jurisdiction is filed. *Royalty Network Inc. v. Dishant.com, LLC*, 638 F.Supp.2d 410, 425 (S.D.N.Y. 2009) ("plaintiff cannot put defendant through the costly process of discovery, even discovery limited to jurisdictional maters, simply because it thinks it can probably show significant contact with New York if discovery were to proceed."); *Daval Steel Prods., v. M.V. Juraj Dalmatinac*, 718 F.Supp. 159, 162 (S.D.N.Y. 1989) ("the mere commencement of a lawsuit, without the support of a threshold showing of jurisdictional prerequisites, should not entitle the party to use the court processes to attempt to find support for having commenced the litigation"); *Insurance Co. of State of Pa. v. Centaur Ins. Co.*, 590 F.Supp. 1187, 1189 (S.D.N.Y. 1984) (denying jurisdictional discovery because "there is no purpose in further escalating the costs of this lawsuit by granting leave to conduct jurisdictional discovery"). This Court will be in a better position to assess whether to allow such discovery after a motion is filed and both parties set forth their positions supporting their respective positions. *Royalty*, 638 F.Supp.2d at 414 (denying jurisdictional discovery after defendants moved to dismiss and plaintiff sought jurisdictional discovery); *Daval*, 718 F.Supp. at 160 (same); *Insurance Co.*, 590 F.Supp. at 1188 (same). Dareltech's attempt to use the currently-scheduled conference to put the discovery cart before the horse should not be permitted.

*Fourth*, the amended complaint naming Xiaomi USA, Inc. and Xiaomi Technology, Inc. was just recently filed on January 18, 2019, only three weeks before the February 8, 2019 conference. Thus, whereas Xiaomi, Inc. was given over four months to prepare for the February 8, 2019 conference, the newly added parties would have only three weeks. That will handicap the newly-named Defendants' ability to adequately prepare for the February 8, 2019 conference. They have only recently had the opportunity to begin addressing the many issues



JONES DAY

The Honorable Alvin K. Hellerstein
January 28, 2019
Page 4

that the Court has instructed the parties be prepared to address at the February 8, 2019 conference. Adjourning the conference will give all parties adequate time to prepare for the initial conference and allow the conference to proceed in the most productive manner.

For these reasons, Xiaomi respectfully requests that the February 8, 2019 conference be adjourned.

## DARELTECH'S POSITION

Plaintiff Dareltech opposes Xiaomi's request to adjourn the February 8, 2019 conference (which has been on the docket since October 26, 2018) because Dareltech seeks immediate jurisdictional discovery concerning Xiaomi's Manhattan location, which its employees have described as a "secret operation." Xiaomi is a Chinese company that may be closely associated with the Chinese government. *See* https://www.xiaomitoday.com/xiaomi-chinese-government-alliance/. Xiaomi is the world's fourth-largest smartphone manufacturer in the world. Xiaomi not only has offices and warehouses in New York and California, but it also sells through Amazon and Walmart and links to these retailers on its own website. Xiaomi has at least used, sold and offered to sell infringing products in New York as required under 35 U.S.C. § 271.

Xiaomi's position from the start has been that there is no basis for this Court to exercise personal jurisdiction and in fact produced a sworn affidavit from one of its employees attesting to this. However, Dareltech has learned that this is plainly false.

Xiaomi organized a "Mi" (one of its brands) fan event on December 7-8, 2018 in Manhattan at 216 Lafayette Street wherein it brazenly offered its products for sale – one week after sending Dareltech its employee's affidavit and a related memorandum regarding alleged lack of personal jurisdiction. The Mi fan event was a public forum (as confirmed on Reddit by username "aaronhry" purporting to be an organizer of the event) and open to anyone who walked up to the building at 216 Lafayette Street. *See, e.g.*, https://www.theverge.com/circuitbreaker/2018/12/10/18134491/xiaomi-charger-robot-camera-us. Participants at the event, including the press, were openly using recording equipment to capture pictures and footage of the products, as shown above and at https://www.youtube.com/watch?v=1F8tg3pVDw0.

Now, faced with looming jurisdictional discovery which would reveal the falsity of statements within its employee's affidavit, Xiaomi has taken the position that it has not made any "final decision" on whether to challenge personal jurisdiction. It also desperately wants to delay

JONES DAY

The Honorable Alvin K. Hellerstein
January 28, 2019
Page 5

the scheduling conference which would allow Xiaomi additional time to close or change its New York office location.

Given the possibility that Xiaomi may take steps to hide or move its "secret operation" in New York, time is of the essence in jurisdictional discovery requested by Dareltech. Therefore, Dareltech respectfully requests that the February 8, 2019 conference take place.

Dated:   January 28, 2019         Jones Day
         New York, New York


                                  By: /s/ John J. Normile
                                      John J. Normile
                                      250 Vesey Street
                                      New York, NY  10281-1047
                                      jjnormile@jonesday.com
                                      (212) 326-3939