**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x

| | | |
|---|---|---|
| **DARELTECH, LLC,** | : | No. 1:18-cv-08729 (AKH) |
| | : | |
| **Plaintiff,** | : | **ECF CASE** |
| | : | |
| v. | : | **NOTICE OF FACTS RELEVANT TO** |
| | : | **A DETERMINATION OF RELATED** |
| **XIAOMI INC., BEIJING XIAOMI** | : | **CASES IN ACCORDANCE WITH** |
| **TECHNOLOGY CO., LTD., XIAOMI** | : | **LOCAL CIVIL RULE 1.6** |
| **USA, INC. and XIAOMI TECHNOLOGY,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendants.** | : | |

------------------------------------------------------- x

Defendants Xiaomi Inc., Xiaomi USA, Inc., and Xiaomi Technology, Inc. (collectively,

"Xiaomi"),[1] by and through their attorneys, submit this notice of facts relevant to a determination

of related cases in accordance with Local Civil Rule 1.6, the text of which is set forth below:

> (a)    It shall be the continuing duty of each attorney appearing in
> any civil or criminal case to bring promptly to the attention of the
> Court all facts which said attorney believes are relevant to a
> determination that said case and one or more pending civil or
> criminal cases should be heard by the same Judge, in order to
> avoid unnecessary duplication of judicial effort.  As soon as the
> attorney becomes aware of such relationship, said attorney shall
> notify the Judges to whom the cases have been assigned.
>
> (b)    If counsel fails to comply with Local Civil Rule 1.6(a), the
> Court may assess reasonable costs directly against counsel whose
> action has obstructed the effective administration of the Court's
> business.

Counsel for Xiaomi recently filed its notice of appearance in this case on January 28,

2019.  In accordance with its duties under Local Civil Rule 1.6, counsel for Xiaomi hereby

provides notice of facts relevant to a determination of related cases.

---

[1] Beijing Xiaomi Technology Co., Ltd. is no longer a company, but is rather the former
name of Xiaomi, Inc.

On September 24, 2018, plaintiff Dareltech, LLC ("Dareltech"), filed this action against Xiaomi, Inc., asserting infringement of United States Patent Nos. 9,037,128, 9,055,144, 9,503,627, and 9,571,716.  Three days later, on September 27, 2018, Dareltech filed suit against defendants DJI Europe B.V., DJI Technology Inc., and SZ DJI Technology Co. Ltd. (collectively, "DJI").  *See* Case No. 1:18-cv-08873-DLC.  Dareltech accused DJI of infringing the same four patents at issue here.  The subsequently-filed case was assigned to the Honorable Judge Denise L. Cote.

Under this Court's Division of Business Rule 13, a case is related when "the interests of justice and efficiency will be served."  The rule explains what factors should be considered when determining relatedness:

> [A] judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

Division of Business Rule 13.

Here, because both cases involved the same patents, the same plaintiff, and very similar allegations, there is substantial overlap in the factual and legal issues to be decided.  Both cases are likely to require rulings on the same or similar issues; for example, claim construction and validity.  And both cases will require the Court to study and understand the same technical material claimed in the patents-in- suit.  If the cases are assigned to different judges, there is a risk of conflicting orders, such as with respect to issues concerning claim construction and validity, and there is potentially a substantial duplication of effort and expense if the cases were to proceed before different judges.

As noted, Xiaomi understands it has a duty under the Local Rules to inform the Court of any facts that are relevant to a determination of related cases.  It appears from the dockets in this case and in the *Dareltech v. DJI* case that Dareltech has not previously brought these facts to the Court's attention.

Dated:        January 31, 2019              Jones Day
              New York, New York

By:   */s/ John J. Normile*
      John J. Normile
      250 Vesey Street
      New York, NY  10281-1047
      jjnormile@jonesday.com
      (212) 326-3939

By:   */s/ Ryan B. McCrum*
      Ryan B. McCrum (*pro hac vice*)
      Susan M. Gerber (*pro hac vice*)
      North Point
      901 Lakeside Avenue
      Cleveland, OH  44114-1190
      rbmccrum@jonesday.com
      smgerber@jonesday.com
      (216) 586-3939

      *Attorneys for Defendants*
      *Xiaomi Inc., Xiaomi USA, Inc., and*
      *Xiaomi Technology, Inc.*