**PIERCE BAINBRIDGE BECK PRICE & HECHT**LLP

David L. Hecht<br>
(212) 484-9866 x101<br>
dhecht@piercebainbridge.com

January 31, 2019

**VIA ECF (WITH HARD COPY TO CHAMBERS)**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

<u>RE:</u>   *Dareltech, LLC v. Xiaomi Inc. et al.*, Civil Action No. 1:18-cv-08729-AKH

Dear Judge Hellerstein,

  Pierce Bainbridge Beck Price & Hecht LLP represents Plaintiff Dareltech, LLC ("Dareltech"). We feel compelled to respond to Defendants Xiaomi Inc., Xiaomi USA, Inc., and Xiaomi Technology, Inc.'s (collectively, "Xiaomi") Notice of Facts Relevant to a Determination of Related Cases in Accordance with Local Civil Rule 1.6, filed on January 31, 2019 (Dkt. No. 21) (the "Notice") for several reasons.

  First, what Xiaomi styles as a "notice of facts" is more accurately described as a thinly-disguised motion. While the Notice does not expressly seek relief, it certainly argues for it. For example, stating that "there is substantial overlap in the factual and legal issues to be decided" is not a statement of fact, but rather an argument and possible conclusion. *See* Notice at 2. What Xiaomi clearly wants is to tie this case with Case No. 1:18-cv-08873-DLC (the "DJI Case"). If so, Xiaomi should have filed a motion instead of a "notice," as Your Honor's Individual Rule 1.A. is clear that "[p]arties are not permitted to file letter motions and briefs in lieu of formal motions" absent special permission.

**PIERCE BAINBRIDGE BECK PRICE & HECHT** LLP

Second, the Notice describes a dispute between the parties while failing to adhere to Your Honor's Individual Rule 2.E, which requires counsel to jointly compose a single letter describing their disputes and to meet-and-confer beforehand.  No such meet-and-confer occurred; indeed, Xiaomi did not inform Dareltech or its counsel that it would file the Notice before doing so.  Further, the Notice entirely fails to set forth Dareltech's position in the dispute, which is that this case and the DJI Case are not related.

That is, both cases involve different defendants and different accused products, and different patent claims may be asserted in each case.  *See* Division of Business Rule 13(a)(2)(A) ("Civil cases shall not be deemed related merely because they involve common legal issues or the same parties.").  As but one example, an accused product in the DJI Case is the Osmo Mobile 2, which is not the same as those in this case, which include Xiaomi's Mi Selfie Stick.  *Compare* DJI Case, Dkt. No. 3-5, *with* Dkt. No. 9-5.  The infringement analysis for one product will necessarily be different than the analysis for a different product.  Additionally, jurisdiction potentially sets the two cases further apart.  In this case, despite knowing about the complaint for months, Xiaomi has yet to decide whether to file a motion to dismiss for lack of personal jurisdiction, which Xiaomi does not believe it necessary to do until its response to Dareltech's complaint is due on April 24, 2019.  *See* Dkt. No. 15 at 2.  In contrast, the DJI Case will have begun claim construction before that date, and indeed may even be finished with fact discovery (currently set to be completed on August 30, 2019) before any motion to dismiss is decided in this case.  *See* DJI Case, Dkt. No. 22 at 2.

Third, a similar issue was already addressed in the DJI Case.  At the pretrial conference held on December 7, 2018 in that case, counsel for DJI Technology Inc. raised the issue of

**PIERCE BAINBRIDGE BECK PRICE & HECHT** LLP

consolidating the DJI Case with this one. Judge Cote flatly denied it.[1] Dareltech does not believe the issue needs to be revisited in this case.

Counsel for Dareltech met-and-conferred with counsel for Xiaomi prior to filing this letter, and requested that Xiaomi withdraw or amend the Notice in light of the aforementioned deficiencies. Counsel for Xiaomi refused.

        Respectfully submitted,

        */s/ David L. Hecht*

        David L. Hecht
        PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
        20 West 23rd Street, Fifth Floor
        New York, NY 10010
        Tel: (212) 484-9866 x101
        Email: dhecht@piercebainbridge.com

        *Counsel for Plaintiff Dareltech, LLC*

cc: Counsel of Record

---

[1] No transcript is available for the December 7, 2018 conference in the DJI Case because the conference was held in chambers without a court reporter, although counsel for Dareltech in this case was present.