UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **DARELTECH, LLC,** : | |
| : | Case No. 1:18-cv-08729 (AKH) |
| Plaintiff, : | |
| v. : | |
| : | |
| **XIAOMI, INC.,** : | |
| **BEIJING XIAOMI TECHNOLOGY CO., LTD.** : | |
| : | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR AN ORDER TO SHOW CAUSE**

Plaintiff Dareltech, LLC ("Dareltech") submits this memorandum of law in support of its motion seeking an Order to Show Cause as to why Defendants Xiaomi, Inc., Xiaomi USA, Inc., and Xiaomi Technology, Inc. (collectively, "Xiaomi") should not be ordered to redact certain confidential settlement information in its February 5, 2019 Motion to Disqualify and supporting papers (Dkt. Nos. 24-26).

In those filings, Xiaomi publicly disclosed confidential settlement information—including the exact amount of Dareltech's settlement proposals to Xiaomi. Each of Dareltech's settlement communications clearly indicated that "[t]his message, including attachments, is confidential." (*See, e.g.*, Dkt. No. 26-1 at 4, 6, 7, 9, 11, 12.) These communications were also clearly marked as settlement discussions (in all capital letters), in the unlikely event that this was not obvious to counsel from the content of the communications. (*See, e.g.*, Dkt. No. 26-1 at 8.)

Notwithstanding these warnings, Xiaomi filed the entirety of its motion and supporting papers publicly. On February 6, 2019, counsel for Dareltech promptly contacted the Court's chambers and requested that the relevant filings be restricted only to counsel of record on a temporary basis while the parties attempted to resolve the issue.

Dareltech has twice brought this issue to the attention of counsel for Xiaomi and requested that they redact or otherwise modify their filings to remove this sensitive information. (*See* Hecht Decl. Exhibit A at 2, Exhibit B at 1.)  They have refused to do so. (*See* Exhibit B at 1.)  The conduct of Xiaomi's counsel is littered with bad faith, including the assertion that he somehow was unaware that these settlement discussions were meant to be confidential despite every relevant communication clearly being marked as "confidential."  (*See* Exhibit B at 1, 4-5.)  Xiaomi's counsel also appears to take the view that parties entering into settlement negotiations must first execute non-disclosure agreements in order to expect confidentiality in negotiations. (*See* Exhibit B at 2.)

Xiaomi's position is just plain wrong.  The law on this issue is unequivocal.  While there is a presumed public right of access to judicial documents, trial judges have "the power to prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes." *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991).  This power exists because the release of "settlement negotiations . . . is likely to impair materially the trial court's performance of its Article III function of crafting a settlement." *United States v. Glenns Falls Newspapers*, 160 F.3d 853, 858 (2d Cir. 1998); *see also In re Sept. 11 Litig.*, 723 F.Supp.2d 526, 532 (S.D.N.Y. 2010) (distinguishing between "draft settlement material" and final settlement agreements).  More specifically, the courts recognize that there is a need to shield settlement discussions from public view in order to facilitate meaningful negotiations. *See, e.g.*, *United States v. Town of Moreau*, 979 F.Supp. 129, 135-36 (N.D.N.Y. 1997) ("Settlement positions are often extreme and should they be made public a litigant would reasonably fear being judged in the court of public opinion based upon what are nothing more than bargaining positions.  These concerns would hardly encourage negotiations.").  The confidential treatment of settlement proposals is particularly relevant in the context of a patent infringement case like this one because competitors

can glean information about a patent-holder's business operations and the value of a patent portfolio through public disclosure of settlement proposals.

Xiaomi's counsel is willfully refusing to live up to the standards expected of attorneys. In light of counsel's inability to resolve what should have been a simple issue, this Court should grant the Order to Show Cause, order counsel for Xiaomi to appear to explain its position, and order counsel for Xiaomi to file the redacted documents submitted to this Court as Exhibit C to this motion.

Xiaomi's counsel also should be ordered to pay the fees and costs associated with seeking this relief. Xiaomi has burdened the Court and the parties with unnecessary motion practice. *See Agee v. Paramount Communications Inc.*, 114 F.3d 395, 398 (2d Cir. 1997) (the court has inherent power to award attorneys' fees against the offending party and his attorney when it determines a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"); *see also* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). This should have been a simple clerical fix, but Xiaomi's counsel has turned it into a completely unnecessary, drawn-out fight. To deter such conduct in the future, an award of fees and costs are appropriate in this case, and counsel for Xiaomi should be ordered to apprise the client of their conduct and the result of this motion.

For the foregoing reasons, Dareltech's motion for an Order to Show Cause should be granted.

February 12, 2019

                                                 Respectfully submitted,

                                                 /s/ David L. Hecht_____
                                               David L. Hecht
                                               **PIERCE BAINBRIDGE BECK PRICE & HECHT LLP**
                                               20 West 23rd Street
                                               New York, New York 10010
                                               Telephone: (213) 262-9333 ext. 105
                                               dhecht@piercebainbridge.com

                                               *Attorneys for Plaintiff Dareltech, LLC*

**CERTIFICATE OF SERVICE**

    I, David L. Hecht, hereby certify that on February 12, 2019, I caused a true and correct copy of the foregoing to be filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

                                               /s/ David L. Hecht
                                               David L. Hecht