UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                               :
DARELTECH, LLC,                                                :
                                                               :          **ORDER DENYING MOTION**
                                        Plaintiff,             :          **FOR ATTORNEYS' FEES**
         -against-                                             :
                                                               :          18 Civ. 8729 (AKH)
XIAOMI INC., BEIJING XIAOMI                                    :
TECHNOLOGY CO., LTD., XIAOMI USA, INC.                         :
AND XIAOMI TECHNOLOGY, INC.,                                   :
                                                               :          ┌─────────────────────────────┐
                                        Defendants.            :          │ **USDC SDNY**                │
                                                               :          │ **DOCUMENT**                │
                                                               :          │ **ELECTRONICALLY FILED**    │
------------------------------------------------------------- X          │ DOC #:_____               │
                                                                          │ DATE FILED: 9/10/19         │
                                                                          └─────────────────────────────┘

ALVIN K. HELLERSTEIN, U.S.D.J.:

            Following dismissal of this patent infringement action for lack of personal

jurisdiction, defendants Xiaomi Inc., Beijing Xiaomi Technology, Co., Ltd., Xiaomi USA, Inc.,

and Xiaomi Technology, Inc. move for attorneys' fees incurred during the pendency of the case,

which they estimate to be approximately $735,000. For the reasons that follow, defendants'

motion is denied.

#### Background

            The Court assumes the parties' familiarity with the facts of the case, which are

recounted in greater detail in my July 22, 2019 order dismissing the action. *See* ECF 80.

Defendants offer two overarching bases for their claim for attorneys' fees. First, Dareltech

pursued a meritless case even after defendants identified operative facts and legal principles

precluding any basis for relief. Second, defendants point to various objectionable behaviors on

the part of Dareltech's counsel over the course of the litigation.

Specifically, defendants point to the following alleged bad acts: (1) Dareltech's counsel conducted undisclosed interviews at a Xiaomi promotional event, in violation of various New York Rules of Professional Conduct. (2) Dareltech's counsel threatened to expose perjury allegations and other "embarrassing facts." (3) Dareltech's counsel made various disparaging comments to the media and on social media about the case. (4) Dareltech variously multiplied the proceedings, by, among other things, filing motions for reconsideration and relief from judgment.

## Discussion

### A.      Legal Standard

The Patent Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Among other factors, a court may consider "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n.19 (1994)).

"Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden" and patent litigants need only establish their entitlement to fees by a

2

preponderance of the evidence, not by clear and convincing evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. at 557.

A court also has authority to award fees pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court also has inherent power to award attorneys' fees when a party "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975). To impose sanctions under Section 1927 or under its inherent supervisory power, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Eisemann v. Greene,* 204 F.3d 393, 396 (2d Cir. 2000).

## B. The Strength of Dareltech's Litigating Position

Though I concluded that personal jurisdiction was lacking, the substantive strength of the case does not so stand out from others as to consider it "exceptional." Xiaomi's venue position was not applicable to every Xiaomi defendant. Moreover, among other evidence, the (concededly, sparse) promotional efforts of at least one Xiaomi entity in the forum, including through the display of a device whose subject matter the Court might have found constituted a basis for personal jurisdiction, *see Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1298 (Fed. Cir. 2009), rendered the strength of Dareltech's position better than frivolous and objectively unreasonable, as Xiaomi charges.

3

## C.   Litigation Conduct by Dareltech's Counsel

Similarly, I conclude that the conduct of Dareltech's counsel does not provide cause to award attorneys' fees. Dareltech's various motions were addressed as a matter of course and did not vexatiously multiply the proceedings. Other complaints, including Dareltech's failure to dismiss Beijing Xiaomi Technology Co., Ltd. as a defendant, various sanctions motions, media comments, and social media posts do not compel a finding that this is an exceptional case meriting attorneys' fees.[1]  I similarly conclude that the record is insufficient to find that Dareltech's counsel acted in bad faith, or that the entire case was predicated on achieving a nuisance value settlement of the type sanctioned in *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1320 (Fed. Cir. 2011).

Defendants complain of the burden of undergoing jurisdictional discovery, which I allowed, but defendants themselves bear some responsibility for the scope and cost. Defendants also pursued an active litigation posture in this case, including a motion to disqualify counsel. Weighing the relevant factors and the totality of the circumstances, I conclude that awarding attorneys' fees is not appropriate in this case.

---

[1] Although I conclude that Dareltech's litigation conduct was not "exceptional" within the meaning of 35 U.S.C. § 285, my ruling should not be interpreted as overlooking improper behavior of counsel. See my Orders at ECF 48, 58-4, 58-10. My ruling is only that this case is not "exceptional" to support fee-shifting.

4

## Conclusion

For the reasons stated, defendants' motion for attorneys' fees is denied. The clerk

shall terminate the motion (ECF 83).

SO ORDERED.

Dated:      September 10, 2019
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

5